### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**RODNEY GREEN**                                                 **PLAINTIFF**

**V.**                     **NO. 4:25-cv-01079-JM-ERE**

**HOT SPRING COUNTY,**
**ARKANSAS, ET AL.**                                      **DEFENDANTS**

### <u>ORDER</u>

Plaintiff Rodney Green filed this lawsuit through counsel against multiple defendants, alleging he received deficient medical care during his detention at the Hot Spring County Jail and multiple units of the Arkansas Division of Correction ("ADC"). Pending before the Court are motions to dismiss the amended complaint for failure to state a claim filed by Defendants Hot Spring County, Arkansas and Richard Tolleson (*Doc. 20*) and the ADC and Dexter Payne. *Doc. 30*. Mr. Green has filed responses in opposition to both motions (*Docs. 23, 24, 33, 34*) and a motion for leave to file a second amended complaint. *Doc. 35*. Mr. Green asserts that the proposed amended pleading alleges additional facts and cures pleading deficiencies asserted by Defendants. For reasons that follow, the motion to amend is granted, and the motions to dismiss are denied as moot.

### I.      Motion to Amend

Mr. Green acknowledges that at this stage in the case, a party may amend its pleading only with the opposing party's written consent or the court's leave, which

should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  He asserts that his proposed second amended complaint cures pleading deficiencies asserted by Defendants in support of their motions to dismiss—specifically, that the proposed pleading eliminates the ADC as a party, adds allegations regarding conduct by Defendants Payne and Tolleson, and makes clear that Defendants Payne and Tolleson are sued in their individual capacities only.

Arguably, Mr. Green's amendments address and cure the issues raised in support of Defendant's motion to dismiss. And given the early stage of the proceedings, policy favoring liberal allowance of amendment, and lack of prejudice to Defendants if leave to amend is granted, the interest of justice supports granting Mr. Green's motion to amend.

## II.     Motions to Dismiss

Granting Mr. Green's motion to amend renders moot separate Defendants' motions to dismiss. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (holding that trial court's decision to ignore and declare moot plaintiff's motion to amend while granting defendant's motion to dismiss was "plainly erroneous," noting that the motion to amend likely mooted the motion to dismiss); *Onyiah v. St. Cloud State University*, 655 F.Supp.2d 948, 958 (D. Minn. 2009) (notion "as a general proposition, if a defendant files a Motion to Dismiss, and

2

the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot").

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's motion to file a second amended complaint (*Doc. 35*) is GRANTED. The Clerk of Court is directed to file Plaintiff's amended pleading (*Doc. 35-1*) on the record as Plaintiff's second amended complaint.

2.      Defendants' motions to dismiss the amended complaint (*Docs. 20, 30*) are DENIED AS MOOT. Defendants are free to reassert arguments in motions responsive to the second amended complaint.

Dated 1 June 2026.

UNITED STATES MAGISTRATE JUDGE

3